**WOOD ARTS GOLF, INC., Plaintiff,**

v.

**CALLAWAY GOLF COMPANY, Defendant.**

No. H–01–0030.

United States District Court,
S.D. Texas,
Houston Division.

March 1, 2002.

---

David A Bryant, Jr, Bryant Bouman et al, Spring, TX, Victoria Lee Thompson, Lorance & Thompson, Houston, TX, Michael Robert Bouman, Bryant Bouman et al, Spring, TX, for Wood Arts Golf Inc, plaintiff.

William Donald Durkee, Howrey Simon et al, Houston, TX, William C Rooklidge, Joel D Voelzke, Howrey Simon et al, Irvine, CA, for the Callaway Golf Company, defendant.

## ORDER

HITTNER, District JUDGE.

Pending before the Court are Defendant's Motion for Summary Judgment (Document # 32) and Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence (Document # 40). Having considered the motions, submissions, and applicable law, the Court determines that the motions should be granted.

### I. INTRODUCTION

Plaintiff Wood Arts Golf, Inc. ("Wood Arts") filed the instant suit against Defendant Callaway Golf Company ("Callaway"), alleging that Callaway has infringed its patented golf club design. Callaway filed counterclaims for a declaratory judgment of patent non-infringement, patent infringement, false advertising, unfair competition, and injury to business reputation.

### II. FACTUAL BACKGROUND

Wood Arts filed for and received a patent issued as United States Letters Patent No. 4,355,808 ("the '808 patent") on October 26, 1982. The '808 patent describes a method for preparing a decorative inlay within a golf club iron. The patent provides, in relevant part:

[Claim] 1. A method for preparing a decorative inlay in a golf club iron comprising the steps of:

   a.  preparing a cavity in the rear of said iron;

   b.  positioning a preselected number of small weights only along the inner most bottom edge of the cavity;

   c.  placing a first epoxy layer in said cavity to substantially cover and secure said weights;

   d.  adding a decorative epoxy layer to said cavity after first said epoxy layer has set, said decorative epoxy layer substantially filling said cavity and covering said first epoxy layer; and

   e.  placing a protective coating over said decorative epoxy layer after said decorative layer has set.

In essence, the '808 patent describes the preparation of a decorative inlay within the cavity of the club head by adding coloring and/or swirling the epoxy filler to give the filler a decorative appearance. Once the epoxy filler has set within the cavity, a clear, protective coating is applied over the decorative inlay.

Wood Arts subsequently filed for and received a patent issued as United States Letters Patent No. 5,590,881 ("the '881 patent") on January 7, 1997. The '881 patent describes a method of adding a divider bar within the epoxy-filled cavity to prevent the epoxy from separating from the cavity walls.

Callaway introduced its Hawk Eye irons in 1999 and obtained a patent for them in April 2001. The Hawk Eye iron has a cavity located within the head of the club along with a hidden weight port. Tungsten alloy spheres are placed into the hidden weight port, which is then filled with a tin-bismuth mixture designed to secure the alloy spheres in place.

Wood Arts thereafter brought suit against Callaway, asserting that Callaway's Hawk Eye irons infringed both the '808 and '881 patents. Wood Arts asserts several causes of action against

Callaway, including patent infringement under both the "literal" and "doctrine of equivalents" theories. Wood Arts also asserts a claim for unfair competition under Texas state law. Callaway now moves for summary judgment on all of Wood Arts' claims.

In its response to Callaway's motion for summary judgment, Wood Arts elected not to pursue its claims that Callaway literally infringed either the '808 or '881 patent or that Callaway infringed the '881 patent under the doctrine of equivalents theory. Wood Arts amended its complaint accordingly, leaving only the claim of unfair competition and infringement of the '808 patent under the doctrine of equivalents theory.[1]

Callaway also moves to strike the unsworn witness statements of Mr. Frank Vaden and Professor Buddy Bollfras which were attached to Wood Arts' response. Wood Arts never responded to the motion to strike. The motion is thus deemed unopposed. *See* S.D. Tex. Local R. 7.4. Moreover, the Court notes that an unsworn affidavit is not sufficient to raise a fact issue precluding summary judgment. *Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir.1988). A statutory exception exists that permits unsworn statements to substitute for the affiant's oath if the statements are made "under penalty of perjury" and verified as "true and correct." 28 U.S.C. § 1746. However, neither Mr. Vaden's nor Professor Bollfras's statements satisfy these requirements, and thus do not meet the statutory exception. *See id.* The Court therefore grants Callaway's motion to strike both of the unsworn witness statements and will not consider those statements in ruling on the motion for summary judgment *infra.*

## III. Summary Judgment Standard

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Initially, the movant bears the burden of demonstrating to the court that there is an absence of a genuine issue of any material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the party who bears the burden of proof on the claims on which summary judgment is sought to present evidence beyond the pleadings to show there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *E.g., Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 713 (5th Cir.1994).

## IV. Callaway's Motion for Summary Judgment

In its motion for summary judgment, Callaway contends that Wood Arts has not

---

1. Moreover, the Court notes that Wood Arts' response asserts claims including violations of the Lanham Act and false advertising. As Wood Arts may not assert new claims in a response to a motion for summary judgment, the Court will not consider these new claims herein. Further, the Court denied Wood Arts' motion for leave to assert these claims on November 27, 2001. *See* Document # 52.

demonstrated the existence of a genuine issue of material fact as to infringement of the '808 patent under the doctrine of equivalents. Wood Arts responds that, under the doctrine of equivalents, the difference in the decorative element between Callaway's Hawk Eye irons and the '808 patent is insignificant.

The doctrine of equivalents is a judicially created principle where a product or method that does not literally infringe upon the express claims of a patent may nonetheless be found to infringe if there is an "equivalence" between the elements of the accused product or method and the claimed elements of the patented invention. *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997); *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). Whether an accused product or method infringes under this doctrine "is determined against the context of the patent, the prior art, and the particular circumstances of the case." *Graver Tank*, 339 U.S. at 609, 70 S.Ct. 854.

A determination of infringement requires a two-step analysis. First, the court must determine the scope and meaning of the patent claims asserted. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed.Cir.1998) (en banc). Second, the court must compare the properly construed claims to the allegedly infringing device. *Id.* To properly define the scope of the patented invention, each element contained in a patent claim is considered material; thus, the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole. *Warner–Jenkinson Co.*, 520 U.S. at 29, 117 S.Ct. 1040. In doing so, the court must evaluate the purpose for using a particular element in the patent, the qualities it has when combined with the other elements, and the function which it is intended to

perform. *Graver Tank*, 339 U.S. at 609, 70 S.Ct. 854.

One of the tests used to determine equivalence is the "function-way-result" test. Using this test, it must be determined whether an element in the accused device "does substantially the same thing in substantially the same way to get substantially the same result" as the claim limitation. *Dawn Equip. Co. v. Kentucky Farms*, 140 F.3d 1009, 1015 (Fed.Cir.1998) (quoting *Tektronix, Inc. v. United States*, 195 Ct.Cl. 53, 445 F.2d 323, 329 (1971)). Another test used to determine equivalence is whether the differences between the accused product and the patented invention are "insubstantial." *Graver Tank*, 339 U.S. at 610, 70 S.Ct. 854. The essential inquiry is whether the accused product contains elements equivalent to *each* claim of the patented invention. *Warner–Jenkinson Co.*, 520 U.S. at 40, 117 S.Ct. 1040 (emphasis added).

■ In this case, Wood Arts claims that the metal "Callaway Golf" nameplate inserted onto the opening of the hidden weight port concealing the tin-bismuth mixture is structurally and functionally equivalent to the decorative epoxy layer substantially filling the cavity of the Wood Arts' iron, as described in Claim 1(d) of the '808 patent. The Court determines that the Callaway nameplate does not perform the same function as the decorative epoxy. Rather, the decorative epoxy in the '808 patent performs a "filling" function, thereby eliminating the need for a separate decorative cover over the back of the iron. Moreover, the Callaway nameplate is a flat "medallion" that is affixed to the rear of the cavity with an adhesive, and is therefore structurally different than the Wood Arts decorative epoxy which, according to the claims of Wood Arts' own patent, substantially fills the cavity. Wood Arts has not shown that the Callaway

nameplate is either functionally or structurally similar to the decorative epoxy of its '808 patent. Therefore, Wood Arts' infringement claim fails to meet the requirement that equivalence be found for each claim of the patented invention.

 Assuming arguendo that Callaway's medallion was equivalent to the decorative epoxy, Wood Arts must raise a genuine issue of material fact that the tin-bismuth mixture used in the Callaway Hawk Eye irons is structurally or functionally equivalent to the epoxy described by Wood Arts in Claim 1(c) of the '808 patent. The Court finds that the Callaway tin-bismuth mixture serves a weighting function as part of the tungsten weight matrix, whereas the epoxy material of Claim 1(c) in the '808 patent serves no such function. The president of Wood Arts admits in his deposition testimony that the epoxy functions solely to secure the weights in place, adding that he would never use the tin-bismuth mixture because it would make the iron too heavy. He has thus conceded that the difference between the tin-bismuth mixture and the epoxy is not insubstantial. Moreover, Wood Arts has not shown that Callaway's tin-bismuth mixture is functionally similar to the epoxy used in its '808 patent. Therefore, Wood Arts' infringement allegation again fails to satisfy the equivalence requirement as to each claimed element of the patented invention.

Given the foregoing, Wood Arts has failed to raise a genuine issue of material fact concerning patent infringement as to the '808 patent under the doctrine of equivalents. Accordingly, Wood Arts' claim of infringement must be denied. Moreover, because Wood Arts' claim of unfair competition is wholly contingent upon a finding of patent infringement, this claim should also be dismissed. Accordingly, the Court hereby

ORDERS that Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence (Document # 40) is GRANTED. The Court further

ORDERS that Defendant's Motion for Summary Judgment (Document # 32) is GRANTED. Plaintiff Wood Arts' claims against Defendant Callaway Golf Company for patent infringement and unfair competition are DISMISSED.[2]

2. Callaway did not move for summary judgment on its counterclaims against Wood Arts.

. Thus, the Court will not enter final judgment in this case due to these pending issues.